UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHON GRAVES | CIVIL ACTION |
| VERSUS | NO. 16-0520 |
| W.S. MCCAIN, WARDEN, RAYBURN CORRECTIONAL CENTER | SECTION "F"(4) |

## REPORT AND RECOMMENDATION

The petitioner, Stephon Graves, filed an appeal from the judgment of this Court denying his habeas corpus petition.[1] The United States Fifth Circuit Court of Appeals issued a limited remand of this matter to the District Court solely to determine the date on which Graves delivered his Notice of Appeal to prison officials for mailing to a federal court.[2] On April 26, 2017, the matter was referred to the undersigned Magistrate Judge for issuance of a Report and Recommendation addressing the issue.[3]

This Court issued a final Judgment dismissing Graves's habeas corpus petition with prejudice on October 19, 2016.[4] The record reflects that, on December 27, 2016, the Clerk of the United States Fifth Circuit received a pleading entitled "Certificate of Appealability" from Graves bearing a post-mark of December 23, 2016.[5] The Clerk of the United States Fifth Circuit forwarded the pleading to the Clerk of this District Court on December 28, 2016, with instructions

---

[1]Rec. Doc. No. 17.

[2]Rec. Doc. No. 18.

[3]Rec. Doc. No. 19.

[4]Rec. Doc. No. 15; Rec. Doc. No. 18.

[5]Rec. Doc. No. 17.

that the pleading be treated and processed as a Notice of Appeal utilizing the date it was received by the appellate court.[6] In keeping with this directive, the Clerk of this Court filed the pleading as a Notice of Appeal and dated the entry December 27, 2016.[7]

Upon its initial review of the appeal, the United States Fifth Circuit recognized that Graves should have filed a notice of appeal on or before November 18, 2016, for it to have been timely.[8] The Court acknowledged that, under Fed. R. App. P. 4(c)(1), a *pro se* prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the Court. *See Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006). The record, however, did not provide adequate information to determine when Graves handed his Notice of Appeal to prison officials for mailing. The remand of the matter to this Court followed.

To ascertain more precise information, the undersigned issued an order to Graves and to the Warden of the B.B. "Sixty" Rayburn Correctional Center ("RCC"), where Graves was housed at the time of the filing of the Notice of Appeal. The Court ordered Graves and the Warden to provide documentation or an affidavit establishing when Graves delivered his pleading to the prison officials for mailing to a federal court between and including October 19, 2016 and December 23, 2016.[9] Graves has not responded to the Order.

However, on May 30, 2017, as supplemented on June 5, 2017, the Court received documentation from the Warden's office indicating that items received from inmates are mailed

---

[6]Rec. Doc. No. 17, p. 3.

[7]Rec. Doc. No. 17.

[8]Rec. Doc. No. 18.

[9]Rec. Doc. No. 20.

out on the same day they are received from the inmate.[10]  In this case, the RCC outgoing mail logs established that, during the relevant period, Graves submitted one pleading for mailing to the United States Fifth Circuit which was received from him and mailed for him to the court on December 23, 2016.[11]

Accordingly, the best information available to the Court is that information appearing in the RCC documentation and mail logs received from the prison officials which indicate that Graves presented his "Certificate of Appealability" to the prison mail room for mailing to the United States Fifth Circuit on December 23, 2016, and the prison mailed it to the court that same day.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the District Judge notify the United States Fifth Circuit Court of Appeals that the records of the B.B. "Sixty" Rayburn Correctional Center establish that Graves presented his "Certificate of Appealability," later treated as a Notice of Appeal, to prison officials for mailing to the United States Fifth Circuit on December 23, 2016.

It is further **RECOMMENDED** that, pursuant to the remand order, the Court "return the case to the United States Fifth Circuit for further proceedings, or dismissal, as may be appropriate."[12]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[10]Rec. Doc. No. 21.

[11]*Id.* at p. 19.

[12]Rec. Doc. No. 18.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[13]

New Orleans, Louisiana, this 14th day of June, 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[13]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.